UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLIE PICOU | * | CIVIL ACTION 2:22-cv-03700 |
| | * | |
| VERSUS | * | SECTION H |
| | * | |
| TERMINIX PEST CONTROL, INC. | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAG. KAREN WELLS ROBY |
| * * * * * * * | * | * * * * * |

**OPPOSITION TO MOTION FOR ATTORNEY'S FEES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kellie Picou (hereinafter "Plaintiff"), who respectfully files this Opposition to Motion for Attorney's Fees filed on behalf of Terminix Pest Control, Inc. (Doc 18) (hereinafter "Defendant"), as follows:

The U.S. Fifth Circuit Court of Appeals explained in *Anderson v. Harrison Cnty*., 639 F.App'x 1010 (5th Cir. 2016) that different standards are applicable for claims for attorney's fees in civil rights litigation depending on whether the party seeking attorney's fees is a prevailing plaintiff or a prevailing defendant. While "a prevailing plaintiff in a civil rights action is presumptively entitled to reasonable attorney's fees," the same is not true for prevailing defendants. Specifically, the *Anderson* court held:

> [A]ttorney's fees for prevailing defendants are ***presumptively unavailable*** unless a showing is made that the underlying civil rights suit was "vexatious, frivolous, or otherwise without merit." [*citing Christiansburg,* 434 U.S. at 421; *Hensley* 461 U.S. at 429, n.2]….The 'stringent standard applicable to defendants is intended to ensure that plaintiffs with ***uncertain but arguably meritorious*** claims are not altogether deterred

> from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'"

The only showing made by Defendant is that the Court ruled against Plaintiff. Defendant has made no showing that Plaintiff's claim was "vexatious, frivolous, or otherwise without merit." So, while this court may have ruled against Plaintiff's ADA claim, that ruling, in and of itself, does not mean Plaintiff's claims are groundless, or even "vexatious, frivolous, or otherwise without merit." Just as the 2019 coronavirus and the resulting worldwide pandemic was "novel," so too are the cases that arise from that pandemic, including cases arising from the implementation of a historically "novel" series of governmental and employer mandates for the use of EUA/PREP Act drugs. Under those circumstances, Ms. Picou's claims are the type described in *Anderson*: "uncertain but arguably meritorious."

In fact, a claim made on identical grounds as Ms. Picou's happened to have been accepted by the United States District Court for the Western District of Pennsylvania nine months after Ms. Picou filed his Complaint in the Eastern District of Louisiana, but about four months before this Court's Order and Reasons (Doc 20), wherein the Pennsylvania court ruled that employees who provided their employer with "medical documentation from their personal physicians who advised against the vaccination for fear of severe reactions and/or death," which, when taken as true, supported a reasonable inference that the employees were not able to get the Covid-19 shots because of a "physical or mental impairment," stated a claim for relief under the federal rules.[1] Thus, the *Does* court denied the employer's Motion to Dismiss because the plaintiffs "had a medical condition preventing them from receiving the Covid-19 vaccine, had a medical exemption request denied, and were subsequently terminated by [the Employer]" *Id*., at 14.

---

[1] *Does v. Pittsburgh Regional Transit*, Civil Action No. 2:22-cv-1736 (W.D. Pa. July 31, 2023). (Doc 19-1)

Regarding an ADA claim, Ms. Picou presented to this court nearly identical claims as the plaintiffs in the *Does* case. Ms. Picou's Complaint alleges that she had a documented heart condition, verified by a cardiologist who advised Plaintiff that he could not recommend that she take any of the EUA COVID drugs due to her heart condition, which prevented Plaintiff from being able to give informed consent to take the COVID shot required by Terminix due to fear of long-term adverse effects on the heart, like myocarditis, pericarditis, and blood clotting. (Doc 11, ¶¶ 35-39.) Regarding Ms. Picou's fear of receiving the Covid shot, "fears" or "phobias" have been held to be disabilities under the ADA. In *Miller v. Illinois Department of Transportation*, 643 F.3d 190 (7th Cir. 2011), the court upheld a bridge worker's claim for wrongful termination after informing his supervisor of his fear of heights. In short, "fears" or "phobias" are analyzed the same way as any other condition. It is determined whether the Plaintiff's fear is "a physical or mental impairment that substantially limits one or more major life activities of such individual." In *Miller*, the bridge worker's fear of heights prevented him from performing a job requirement of walking on elevated spaces. In the case at bar, Plaintiff's fear of experiencing adverse events related to her heart, along with her doctor's advice, prevented Plaintiff from performing a job requirement of obtaining an EUA COVID drug. In both cases, the fear was either a physical or mental impairment that substantially limited the major life activity of working. In *Miller*, it was working in any job that involved elevated spaces. In the case at bar, it is working in any job that requires an EUA COVID drug.

Thus, while this Court may disagree with Ms. Picou and the rationale used by the *Does* court, Ms. Picou still stated valid grounds upon which an ADA claim can be made, at least according to another court, and were not "vexatious, frivolous, or otherwise without merit" as that phrase has been interpreted by the Fifth Circuit in *Anderson, supra*. Therefore, there is an

insufficient basis for assessing attorney's fees against Plaintiff for asserting her claim in good faith, and on the grounds upon which she made it. Moreover, Plaintiff asserts that if a federal district judge in Pennsylvania has ruled in favor of the arguments made in a nearly identical ADA case, i.e., that the medical inability to take an EUA COVID-19 drug is a disability, then by definition Plaintiff's arguments cannot be groundless, "vexatious, frivolous, or otherwise without merit." Indeed, Plaintiff advised the District Court of that Pennsylvania decision, but this Court exercised its right to rule differently, as is the District Judge's prerogative since the Pennsylvania court is not binding on a Louisiana court.

Unlike in *No Barriers Inc. v. Brinker Chili's Texas Inc.*, 262 F.3d 496 (5th Cir. 2001), which was cited by Defendant, Terminix never presented evidence that Plaintiff did NOT have a disability under the ADA, only arguments. Further, a complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Walters v. Scott*, No. CIV.A. H-14-1637, 2014 WL 5878494, at *1 (S.D. Tex. Nov. 11, 2014) (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Again, if a federal judge in Pennsylvania has accepted these same arguments, then Ms. Picou's arguments have an arguable basis in law or fact. Therefore, Defendant's Motion for Attorney's Fees should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff urges this Court to deny the Defendant's Motion to Dismiss.

Respectfully submitted,

**SCHEXNAYDRE LAW FIRM**

BY: *__/s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE, T.A.
Louisiana Bar Number 21073
2895 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of December, 2023, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE