UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLIE PICOU | * | Case no.: 2:22-cv-03700 |
| | * | |
| Plaintiff | * | SECTION H |
| | * | |
| *Vs.* | * | JUDGE JANE TRICHE |
| | * | MILAZZO |
| | * | |
| TERMINIX PEST CONTROL, INC | * | MAGISTRATE JUDGE |
| | * | KAREN WELLS ROBY |

************************************************************************

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Terminix Pest Control, Inc. ("Terminix), who hereby replies to Plaintiff's Opposition to Motion for Attorneys' as follows:

## I. Plaintiff's Claims Are Not Novel

At its core, Plaintiff's Petitions present basic allegations commonly made under the Americans with Disabilities Act and are, therefore, not novel. While the COVID-19 pandemic was a novel circumstance in our world's recent history, Plaintiff's claims are not. Plaintiff alleged that she has a disability because she cannot receive a vaccine and, therefore, should not have been terminated. These issues have been raised and litigated by previous courts throughout the years.

For example, in *Hustvet v. Allina Health System*, a case decided five years before Plaintiff brought her claim in front of this Court, the United States Eight Circuit ruled on a very similar set of facts. In *Hustvet*, defendant-employer created a mandate that all employees must receive the

rubella vaccine. Plaintiff-employee did not receive the vaccine stating "she was concerned about taking the MMR vaccine, [because] her 'health is of the utmost concern' and that she previously 'had severe cases of mumps and measles, the MM part of the MMR.'" Plaintiff-employee also told defendant-employer "that she had many allergies and chemical sensitivities, and so she needed to limit her 'exposure.'" *Hustvet v. Allina Health System*, 910 F.3d 399, 405 (8th Cir. 2018). Plaintiff-employee was then terminated. The Court found there was not enough evidence to show plaintiff-employee was disabled. *Id* at 411. Therefore, Plaintiffs case brought before this Court was not "uncertain" nor was it "meritorious."

## II. *Does* is Distinguishable from the Present Matter

Plaintiff's claims are frivolous as no court has considered his alleged "disability" a valid disability under the ADA. While the *Does* court did find that employees who 1) had a specific medical diagnosis preventing them from getting a COVID-19 vaccine and 2) provided their employer with documentation from their personal physician who advised against the vaccination "for fear of severe reactions/death" may have a disability under the ADA, this case contains very important distinguishing facts that make it inapplicable. *Does v. Pittsburg Regional Transit*, Civil Action No. 2:22-cv-1736 (W.D. Pa. July 31, 2023).[1]

First Ms. Picou's case is different than John Doe 2, the specific plaintiff highlighted under the ADA discussion in *Does*. John Doe 2 was an employee of Pittsburg Regional Transit and claimed a medical exemption to the COVID-19 vaccine. John Doe 2 had a history of anaphylaxis and when he tried to get the COVID-19 vaccine, the Rite-Aid employee refused to administer it due to his condition. *Id*.[2] The court found that "as with the other [p]laintiffs' alleged medical conditions, because John Doe 2's anaphylaxis prevented him from getting the vaccine, it fits within

[1] Rec. Doc. 15-1, p. 6 of 11.
[2] Rec. Doc. 15-1, p. 3 of 11.

the ADA's definition of 'impairment.'" *Id.*[3] To the contrary, Ms. Picou never attempted to get the COVID-19 vaccine and was never refused administration of the vaccine.

Second, Ms. Picou did not meet the criteria outlined in *Does* for having a disability under the ADA. Specifically, Ms. Picou did not present Terminix with any documentation that she could not receive the COVID-19 vaccine due to "the risk of a severe reaction and/or death." *See Does v. Pittsburg Regional Transit*, Civil Action No. 2:22-cv-1736.[4] In fact, it appears Ms. Picou did not receive medical documentation from her personal physician advising her against receiving the COVID-19 vaccine.[5] Further, it does not appear Ms. Picou was ever told that the COVID-19 vaccine would put her at risk of a severe reaction and/or death.[6] Therefore, Ms. Picou could not use *Does* to support her allegation of a disability.

Courts have found, on the other hand and as stated, that Ms. Picou did not have a disability. *See Hustvet v. Allina Health System*, 910 F.3d 399 at 411 (Plaintiff's allegations that she "was concerned about taking the MMR vaccine, [because] her 'health is of the utmost concern' and that she previously 'had severe cases of mumps and measles, the MM part of the MMR" were insufficient to show she had a disability). Therefore, her allegations were meritless.

## III. Plaintiff Misrepresents *Miller* and *No Barriers Inc.* in his Opposition

### A. *Miller v. Illinois Dept. of Transp.*

The *Miller* court did not hold that fear is a disability under the ADA. Plaintiff misrepresents the holding in *Miller* in his Opposition. Ms. Picou used the *Miller* case to argue that fears or phobias are analyzed the same way as any other condition under the ADA. The court in *Miller* never conducted this analysis. Specifically, the *Miller* court did not hold the bridge worker's fear

---

[3] Rec. Doc. 15-1, p. 7 of 11.
[4] Rec. Doc. 15-1, p. 6 of 11.
[5] Rec. Doc. 11, p. 7.
[6] Rec. Doc. 11, p. 7.

of heights was a disability. Rather, the court held that "Miller offered sufficient evidence from which a reasonable jury could conclude that IDOT regarded him as precluded from a substantial class of jobs." *Miller v. Illinois Dept. of Transp.*, 643 F.3d 190, 197 (7th Cir. 2011). Terminix never regarded Ms. Picou as precluded from a substantial class of jobs. Moreover, the bridge worker had a formal diagnosis of acrophobia. *Id.* Ms. Picou did not allege that she was formally diagnosed with a fear of getting the COVID-19 vaccine. Therefore, Ms. Picou had no basis to believe that she could claim a disability under the ADA and the case she brought was frivolous and without merit.

**B. *No Barriers Inc. v. Brinker Chili's Texas Inc.***

*No Barriers Inc.* does not create a requirement for what must be presented to make a claim for fees. Plaintiff argues in his Opposition that "unlike in *No Barriers Inc. v. Brinker Chili's Texas Inc.*, 262 F.3d 496 (5th Cir. 2001) … Terminix never presented evidence that Plaintiff did NOT have a disability under the ADA." The Court in *No Barriers Inc*. does not hold that a party moving for fees in a case brought under the ADA has to present evidence that Plaintiff did not have a disability under the ADA. *See No Barriers Inc. v. Brinker Chili's Texas Inc*., 262 F.3d 496.

**A. CONCLUSION**

WHEREFORE, Defendant, Terminix Pest Control, Inc. respectfully requests that this Honorable Court grant in its favor the reasonable and necessary attorneys' fees incurred in defending against Plaintiff's ADA discrimination claims.

Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**

__*/s/ Ravi Sangisetty*__________________
Ravi K. Sangisetty (30709)

William D. Boyles (31632)
3914 Canal Street
New Orleans, Louisiana 70119
Telephone: 504-662-1016
Facsimile: 504-662-1318
rks@sangisettylaw.com
william@sangisettylaw.com
***Counsel for Terminix Pest Control, Inc.***

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Motion has been served via the Court's CM/ECF electronic filing system.

__/s/ Ravi Sangisetty__________________
Ravi Sangisetty