# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KELLIE PICOU**                                     **CIVIL ACTION**

**VERSUS**                                           **NO: 22-3700**

**TERMINIX PEST CONTROL, INC.**          **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control's Motion for Attorney's Fees (Doc. 22). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

This case arises out of Plaintiff Kellie Picou's termination from her employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had an exception for "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff told Defendant she "had a documented heart condition verified by a physician, which is a disability that prevented from [sic] taking one of the EUA Covid injections because she was afraid of long-term adverse

---

[1] Doc. 11 at 6.

1

effects in light of her medical disability."[2] Plaintiff refused to receive the COVID-19 vaccination and was fired shortly thereafter.[3]

On October 6, 2022, Plaintiff filed suit in this Court alleging violations of the Emergency Use Authorization Provision,[4] the Americans with Disabilities Act ("ADA"),[5] and the Louisiana Employment Discrimination Law ("LEDL").[6] This Court granted Defendant's first Motion to Dismiss, holding that Plaintiff did not adequately plead her claims but granting Plaintiff leave to amend her Complaint. On November 15, 2023, this Court dismissed Plaintiff's Amended Complaint with prejudice, holding that she again failed to adequately plead her ADA claims.[7] Now before the Court is Defendant's Motion for Attorney's Fees, wherein Defendant argues that it is entitled to approximately $4,000 in attorney's fees as the prevailing party in a case brought under the ADA. Plaintiff opposes.[8]

## LEGAL STANDARD

As a general rule, "in the absence of legislation providing otherwise, litigants must pay their own attorneys' fees."[9] Congress has created limited exceptions to this rule under certain statutes protecting various federal rights.[10] The ADA provides that a court may award a prevailing party reasonable attorney's fees.[11] Under the ADA's fee-shifting provision, "a

---

[2] *Id.* at 7. Plaintiff also advised Defendant that she had "already contracted Covid twice, one of which was within 90 days of the September 2021 meeting." *Id.*
[3] *Id.*
[4] 21 U.S.C. § 360bbb-3.
[5] 42 U.S.C. § 12101.
[6] LA. REV. STAT. § 23:301.
[7] Docs. 20, 21.
[8] Doc. 26.
[9] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978).
[10] *Id.*
[11] 42 U.S.C. § 12205.

prevailing defendant may not receive fees 'unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"[12] The Supreme Court has emphasized that district courts should not find a plaintiff's action unreasonable or groundless simply because he did not prevail.[13]

## LAW AND ANALYSIS

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.[14] A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest that clearly does not exist.[15] Defendant argues that Plaintiff's claims were frivolous because she "brought a claim under the ADA without having a disability."[16]

In Plaintiff's Complaint, she alleged that she is disabled because of a "documented heart condition" that substantially limits her "in a major life activity, i.e., being able to take certain medications and/or vaccines."[17] Additionally, Plaintiff alleged that she was ineligible to take a Covid vaccine because she had "already contracted Covid twice, one of which was within 90 days of the [September] 2021 meeting."[18] This Court held that Plaintiff failed to state a claim under the ADA because she failed to show that she has a disability, considering that (1) the inability to take certain medications and

---

[12] No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 498 (5th Cir. 2001) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)) (alterations in original).
[13] *See Christiansburg Garment Co.*, 434 U.S. at 421–22.
[14] Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).
[15] Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).
[16] Doc. 22-1 at 2.
[17] Doc. 1 at 3.
[18] *Id.* While Plaintiff avers that the meeting was in December, she later amended her complaint to allege that the meeting was actually in September of 2021. *See* Doc. 11 at 7.

vaccinations is not a major life activity akin to speaking, breathing, seeing, or hearing; and (2) she does not plead the necessary facts to show that her heart condition constitutes a disability under the ADA.[19] While the Court ultimately found her ADA claims to be without merit, the Court is unable to conclude that her allegations of a "disability" were "frivolous, unreasonable, or groundless," considering the lack of authority on this novel issue in the wake of COVID. Accordingly, Defendant has failed to show that the filing of Plaintiff's claims justify an award of attorney's fees pursuant to 42 U.S.C. § 12205.

Plaintiff's actions following the Court's May 4, 2023 Order are more problematic. There, the Court granted Plaintiff leave to amend her Complaint "to the extent that he can remedy the deficiencies identified" in the Court's Order.[20] Rather than address the deficiencies, Plaintiff filed a verbose Amended Complaint that effectively made the same allegations as her original Complaint.[21] In her Amended Complaint, Plaintiff again alleged that her disability—a documented heart condition—prevented her from receiving the COVID-19 vaccination, which in turn precluded her from working for Defendant.[22] The Court previously and expressly held that "the inability to take certain medications and vaccinations is not a major life activity" under the ADA.[23] Accordingly, the Court finds that Plaintiff's attempted workaround of this Court's clear holding that the inability to receive the COVID-19

---

[19] Doc. 10 at 5–6.
[20] *Id.* at 8.
[21] *Compare* Doc. 11 at 7 ("Plaintiff . . . had a documented heart condition, verified by a physician, which is a disability that prevented from [sic] taking one of the EUA Covid injections because she was afraid of long-term adverse effects in light of her medical disability."), *with* Doc. 1 at 3 ("Plaintiff . . . had a documented heart condition, which is a disability because Plaintiff is substantially limited in a major life activity, i.e., being able to take certain medications and/or vaccines."). Plaintiff further failed to allege any facts to show that her newly alleged "fear of adverse effects" constituted a disability under the ADA.
[22] Doc. 11 at 7.
[23] Doc. 10 at 5.

vaccination was not a "major life activity" was a frivolous and groundless continuation of litigation. The Court therefore finds an award of attorney's fees pursuant to 42 U.S.C. § 12205 to be justified in this case for those fees incurred by Defendant related to the filing of Plaintiff's Amended Complaint.[24]

Having granted Defendant's request for attorney's fees, the Court must determine what constitutes a reasonable attorney's fee for the work performed after the filing of Plaintiff's Amended Complaint, which is usually done by calculating the "lodestar" amount.[25] "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed,"[26] and "bears the burden of showing reasonableness" of both.[27] "[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."[28] In support of its Motion for Attorney's Fees, however, Defendant attaches no evidence supporting the hours worked and rates claimed or how it otherwise arrived at its "fair estimate of . . . fees incurred in defending against Plaintiff's ADA claim" at "around $4,000."[29] The Court is therefore unable to set the amount of reasonable attorney's fees at this time.

---

[24] The Court does not, however, award any attorney's fees for Plaintiff's appeal of this Court's rulings.

[25] *See* La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323–24 (5th Cir. 1995); Crawford v. Hinds Cty., Miss., No. 3:17CV118TSL-RHW, 2020 WL 1683458, at *3 (S.D. Miss. Apr. 6, 2020) (calculating the lodestar to award attorney's fees to the prevailing party in an ADA case).

[26] Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

[27] Abner v. Kan. City S. Ry. Co., 541 F.3d 372, 377 (5th Cir. 2008).

[28] *Kellstrom*, 50 F.3d at 324 (quoting Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1990)).

[29] Doc. 22-1 at 4.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Attorney's Fees is **GRANTED IN PART** as set forth herein.

**IT IS ORDERED** that Defendant file within 20 days of this Order a separate motion to submit detailed time reports so that this Court may perform a lodestar analysis and determine the amount of reasonable attorney's fees.

New Orleans, Louisiana this 8th day of August, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6