UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLIE PICOU** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3700** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control's Motion to Submit Detailed Time Reports (Doc. 34). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of Plaintiff Kellie Picou's termination from her employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had an exception for "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff told Defendant she "had a documented heart condition verified by a physician, which is a disability that prevented from [sic] taking one of the EUA Covid injections because she was afraid of long-term adverse

---

[1] Doc. 11 at 6.

effects in light of her medical disability."[2] Plaintiff refused to receive the COVID-19 vaccination and was fired shortly thereafter.[3]

On October 6, 2022, Plaintiff filed suit in this Court alleging violations of the Emergency Use Authorization Provision,[4] the Americans with Disabilities Act ("ADA"),[5] and the Louisiana Employment Discrimination Law ("LEDL").[6] This Court granted Defendant's first Motion to Dismiss, holding that Plaintiff did not adequately plead her claims but granting Plaintiff leave to amend her Complaint. On November 15, 2023, this Court dismissed Plaintiff's Amended Complaint with prejudice, holding that she again failed to adequately plead her ADA claims.[7]

On November 29, 2023, Defendant filed a Motion for Attorney's Fees that the Court granted in part.[8] In its Order & Reasons filed on August 8, 2024, the Court found that an award for attorney's fees pursuant to 42 U.S.C. § 12205 was justified for those fees incurred by Defendant related to the filing of Plaintiff's Amended Complaint.[9] To determine the amount of reasonable attorney's fees, the Court ordered Defendant to file a separate motion within 20 days of the Order to submit detailed time reports so that this Court could perform a lodestar analysis.

---

[2] *Id.* at 7. Plaintiff also advised Defendant that she had "already contracted Covid twice, one of which was within 90 days of the September 2021 meeting." *Id.*
[3] *Id.*
[4] 21 U.S.C. § 360bbb-3.
[5] 42 U.S.C. § 12101.
[6] LA. REV. STAT. § 23:301.
[7] Docs. 20, 21.
[8] Doc. 22.
[9] Doc. 32.

Now before the Court is Defendant's Motion to Submit Detailed Time Reports, seeking the approximately $4,000 in attorneys' fees that Defendant sought in its initial motion.[10] Plaintiff opposes.[11]

## **LEGAL STANDARD**

"The Supreme Court has indicated that the 'lodestar' calculation is the 'most useful starting point' for determining the award of attorney's fees."[12] "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by the reasonable hourly rates."[13] "The lodestar is presumed to yield a reasonable fee."[14] Once this Court has determined the lodestar, it must then consider the applicability and weight of the factors that the Fifth Circuit set forth in *Johnson v. Ga. Highway Express, Inc.*[15] "Once determined, the lodestar may be adjusted upward or downward if the *Johnson* factors, not included in the reasonable fee analysis, warrant the adjustment. The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases."[16]

"The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of 'billing

---

[10] Doc. 22.
[11] Doc. 35.
[12] Markey v. Wyndham Vacation Ownership, Inc., No. CV 20-02517, 2021 WL 4902583, at *1 (E.D. La. Oct. 21, 2021) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).
[13] La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995) (internal citations omitted).
[14] *Markey*, 2021 WL 4902583, at *1 (citing *La Power & Light Co.*, 50 F.3d at 324).
[15] 488 F.2d 714, 717-19 (5th Cir. 1974).
[16] Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1991).

judgment.'"[17] "After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended 'by affidavit or brief with sufficient specificity to give fee applicants notice' of the objections."[18]

## LAW AND ANALYSIS

### I. Reasonableness of the Hourly Rates

Defendant seeks to recover attorney's fees for work performed by Mr. Ravi K. Sangisetty and Amanda J. Olmsted in response to Plaintiff's Amended Complaint and appeal of this Court's order. The rate billed to the client was $325.00 per hour for Mr. Sangisetty's work and $225.00 for Ms. Olmsted's.

"Attorney's fees must be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates."[19] Though Defendant does not provide the Court with information about Mr. Sangisetty's or Ms. Olmsted's education or experience, or prevailing rates in this community, "[w]hen an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable."[20] Here, Plaintiff did not contest either of Defendant counsels'

---

[17] Kingsbery v. Paddison, No. CV 20-3192, 2022 WL 393564, at *1 (E.D. La. Feb. 9, 2022) (quoting Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997)).
[18] *Id.* at *2 (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).
[19] *Markey*, 2021 WL 4902583, at *2 (internal citations omitted).
[20] *La. Power & Light Co.*, 50 F.3d at 328 (quoting Islamic Ctr. of Mississippi, Inc. v. City of Starkville, 876 F.2d 465, 469 (5th Cir. 1989)).

hourly rates. Accordingly, the Court finds Mr. Sangisetty's rate of $325.00 per hour and Ms. Olmsted's rate of $225.00 per hour to be reasonable.

## II. Reasonableness of Hours Expended

Defendant's counsel seeks compensation for a total of 16.18 hours of work on various items related to the Amended Complaint and Plaintiff's appeal based on the contemporaneous billing records Defendant's counsel submitted for the Court's review.[21] This figure represents the 6.8 hours of work completed by Mr. Sangisetty and 9.38 hours of work completed by Ms. Olmsted, respectively.

Defendant's counsel seeks to recover attorney's fees for work performed by Mr. Sangisetty and Olmsted in preparation for Plaintiff's appeal to the Fifth Circuit.[22] Citing this Court's Order, Defendant opposes these fees, arguing that attorneys' fees for appeals are not recoverable. As stated in its prior Order, this Court does not award attorneys' fees for Plaintiff's appeal of this Court's

---

[21] Doc. 34-1. The Court notes several minor errors in the report that Defendant provided. First, the "Time" column on the document reflects a total of 13.88 hours of work between Mr. Sangisetty and Ms. Olmsted, but when adding the hours in the column, the Court reaches a sum of 16.18 hours of work. Also, Mr. Sangisetty's task on August 17, 2023 of "review[ing] supplemental memo filed by Picou and attached case" is shown to have taken 0.3 hours at a rate of $325.00 per hour. The Court finds that the correct amount that should correspond with this entry is $97.50, not $97.70 as listed in the "Amount" column on the report. Still, when multiplying the hours listed in the "Time" column with the amounts listed in the "Rate" column, the Court finds that the requested amount of $4,320.70 using the 13.88 figure on the report is only $.20 off from the $4,320.50 that the Court calculates using 16.18. As such, because they do not result in an inflation of the amount sought by Defendant, the Court will use the 16.18 total above in its consideration of whether reasonable hours were expended on the work at issue here.

[22] On September 2, 2023, Plaintiff filed a Notice of Appeal following this Court's dismissal with prejudice. Docs. 20, 21. After oral argument, the United States Fifth Circuit Court of Appeal affirmed this Court's judgment, agreeing that Plaintiff did not have a disability under the ADA. Hughes v. Terminix Pest Control, Inc., No. 23-30617, 2024 WL 3440465, at *1 (5th Cir. July 17, 2024).

5

ruling.[23] As such, the Court will not perform the lodestar analysis on fees listed on the chart provided by Defendant that are related to the appeal.[24]

Turning to the work related only Plaintiff's Amended Complaint, Defendant's counsel seeks compensation for 10.65 hours of work for 6.7 hours of work completed by Mr. Sangisetty and 3.95 hours of work completed by Ms. Olmsted, respectively. In opposition, Plaintiff responds only that some of the time entries are not clearly linked to work completed regarding the ADA claim.[25] The record indicates that Mr. Sangisetty billed 2.3 hours for research on "pre-emption and at-will employment issue and pleading standards for disability" to aid in his drafting of a motion in response to Plaintiff's Amended Complaint. Mr. Sangisetty cumulatively billed 2.5 hours for the review of various pleadings, motions, and orders in preparation of Defendant's Motion to Dismiss. The materials at issue total roughly 75 pages. Finally, Mr. Sangisetty billed a total of 1.9 hours for other work related to the preparation and filing of Defendant's Motion to Dismiss, as well as for time spent communicating with his client and counsel about this work. Defendant's Motion to Dismiss was a total of 12 pages.[26] In a different vein, Ms. Olmsted billed a total of 3.95 hours for both the preparation and filing of Defendant's Motion for Attorneys' fees and Reply to Plaintiff's Opposition. Together, these documents total 14 pages.

---

[23] Doc. 32 at 5, n.24. Under the 'American Rule," attorney's fees for appellate work are generally not recoverable absent express contractual or statutory authorization. *See e.g.*, 28 U.S.C. § 1912; 28 U.S.C. § 1927; 42 U.S.C. § 1988; Fed. R. App. P. 38.

[24] This includes those fees for services rendered from January 19, 2024 to June 3, 2024. Doc. 34-1.

[25] Because Defendant's Motion to Dismiss in response to Plaintiff's Amended Complaint focused largely on three counts related to the ADA, the Court adopts Plaintiff's assumption that the records reflect an amount of time dedicated exclusively to this issue, warranting compensation per this Court's Order. Doc. 20.

[26] Doc. 13.

The Court finds that these hours are reasonable and therefore awards $3,066.25 in attorneys' fees.

## III. *Johnson* Factors

The twelve *Johnson* factors the Court considers are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[27]

After considering the *Johnson* factors, the Court finds that they do not warrant an adjustment of the lodestar.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Submit Detailed Time Reports is **GRANTED** as set forth herein.

Further, **IT IS ORDERED** that Plaintiff shall pay to Defendant, $3,066.25 in attorneys' fees.

New Orleans, Louisiana this 10th day of February, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] 488 F.2d 714, 717-19 (5th Cir. 1974).