UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLIE PICOU | * | CIVIL ACTION 2:22-cv-03700 |
| | * | |
| VERSUS | * | SECTION H |
| | * | |
| TERMINIX PEST CONTROL, INC. | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| | * | MAG. KAREN WELLS ROBY |

* * * * * * * * * * * * *

**OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kellie Picou (hereinafter "Plaintiff"), who respectfully files this Opposition to Defendant's Motion for Attorney's Fees filed on behalf of Terminix Pest Control, Inc. (Docs 45 through 45-6) (hereinafter "Defendant"), as follows:

***Plaintiff Objects to the Block Billing Entries***

A court may reduce the number of hours used in a lodestar calculation as a result of block billing. *See Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 864 (S.D. Tex. 2011). However, "[a] reduction for block billing is not automatic." *Id.* at 864 (citing *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2021). The practice of block-billing is particularly disfavored when the block-billed entries correspond to motions to compel. *See Drs. Le & Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *5 (E.D. La. Dec. 19, 2007); *Engeron v. Fid. Nat'l Ins. Co.*, No. 06-06618, 2008 U.S. Dist. LEXIS 129348, at *8-9 (E.D. La. Apr. 23, 2008). Fifth Circuit courts typically reduce the block billing awards instead of removing the entire award. *See*, e.g., *Humphrey*, 802 F. Supp. 2d at 864 (finding a 5% reduction in attorney fees appropriate for block billing).

The entries submitted by Defendant for June 27, 2025, for 4 hours contains the following description, "conducted research and began drafting Appellee brief for Chauvin and Picou." This is classic block billing because, as written, it is impossible to determine how much time counsel spent conducting research as compared to drafting the brief, nor how much time was spent researching issues relative to the Chauvin case versus the Picou case. While Defendant has offered to split the time entries equally between the two cases, the entry does not establish that the issues researched were equally pertinent to the two cases because it does not describe the research that was performed. Therefore, the time entry should be reduced.

Additionally, the time entry for 5.5 hours on July 3, 2025, contains the following block billed description, "finished draft of appellate brief and reviewed." From reading the time entry, it is impossible to determine how much time was spent finishing the draft of the appellate brief versus reviewing, nor is there a description of what was reviewed. As a result, the time entry should be reduced.

## CONCLUSION

For the reasons above, the subject time entries should be reduced by a percentage deemed appropriate by the court.

Respectfully submitted,

**SCHEXNAYDRE LAW FIRM**

BY: */s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE, T.A.
Louisiana Bar Number 21073
2895 Highway 190 • Suite 212
Mandeville, Louisiana 70471
Telephone: (985) 292-2020
Fax: (985) 235-1089
Email: david@schexnaydre.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2024, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David J. Schexnaydre*
DAVID J. SCHEXNAYDRE